```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
The Union Labor Life Insurance Co.,            :
                                               :
                    Plaintiff,                 :
                                               :          **Memorandum & Order Adopting**
          -against-                            :          **Report and Recommendation**
                                               :              01-CV-6259 (DLI)(CLP)
Olsten Corporation Health and Welfare          :
Benefit Plan, et al.,                          :
                    Defendant.                 :
------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

The court has reviewed plaintiff's objections to the report issued by United States Magistrate Judge Cheryl L. Pollack on August 17, 2007 recommending that, with the exception of plaintiff's claim of equitable subrogation, which requires further briefing, plaintiff's summary judgment motion be denied and that defendant's cross-motion for entry of a final judgment be granted as to plaintiff's claim for restitution. For the reasons set forth below, the court adopts the report and recommendation ("R&R") in full.[1]

Standard of Review

A court may adopt those portions of a magistrate judge's report and recommendation to which the parties do not object and with which the court finds no clear error. *See* Fed. R. Civ. P. 72(b); *see also Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). However, the district court applies a *de novo* standard of review to those parts of the report to which any party objects. *See* Fed. R. Civ. P. 72(b). Plaintiff, the Union Labor Life Insurance Company ("Union Labor"), objects to Judge

---

[1] Familiarity with the facts and background of this matter as set forth in Judge Pollak's R&R is assumed, and thus, shall not be repeated herein. Only those facts necessary to the discussion shall be set forth.

Pollack's recommendations that (1) the court enter judgment in favor of defendants on Union Labor's claim for restitution under section 502(a)(3) of ERISA; (2) the court deny summary judgment on Union Labor's claim for equitable subrogation under sections 502(a)(1) or 502(a)(3) of ERISA; and (3) the court deny summary judgment on Union Labor's claim asking the court to fashion appropriate relief in order to effectuate its prior declaratory judgment finding defendant, the Olsten Corporation Health and Welfare Benefit Plan (the "Olsten Plan"), primarily liable for the medical expenses incurred by Brittany Rodrigues.

Although Union Labor challenges these specific aspects of Judge Pollack's report in the preliminary statement of its objections, the supporting arguments are copied almost verbatim from the memorandum of law and its subsequent amendment that Union Labor filed in support of its original motion. Judge Pollack comprehensively addressed these claims and Union Labor's submission offers no new arguments or research explaining why the court should reject her analysis. "[W]here a party's objections are simply a regurgitation of the arguments [it] made to the magistrate judge, a *de novo* review is unwarranted. Instead, the report and recommendation is reviewed by the district judge for clear error." *Gee Chan Choi v. Jeong-Wha Kim*, 04-CV-4693, 2006 WL 3535931 at *2 (E.D.N.Y. Dec. 7, 2006) (internal citations omitted). The court thus possesses the discretion to review Judge Pollack's report for clear error. *See United States v. Kantipuly*, 06-CR-65E, 2007 WL 463125 at *2 (W.D.N.Y. Feb. 9, 2007) (collecting district court cases). Nevertheless, the court finds that Judge Pollack's report withstands the more stringent scrutiny of *de novo* review.

Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must view all facts in the light most favorable to the nonmoving party, but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship.,* 22 F.3d 1219, 1224 (2d Cir. 1994) (citing *Dister v. Cont'l Group, Inc.,* 859 F.2d 1108, 1114 (2d Cir. 1998)).

<u>Restitution under Section 502(a)(3) of ERISA</u>

Union Labor first objects that it is entitled to restitution under section 502(a)(3) of ERISA, which provides that a fiduciary of a plan may obtain "appropriate equitable relief" to enforce the terms of a plan or to redress their violation. 29 U.S.C. § 1132(a)(3). Union Labor argues that because defendants' failure to pay benefits to the Rodrigues family violated the coordination of benefits provisions in both plaintiff's and defendants' plans, the court should grant Union Labor restitution in the form of an equitable lien or a constructive trust to reimburse it for the benefits it paid in defendants' stead.

Because section 502(a)(3) authorizes only equitable relief, the court may order only "those categories of relief that were *typically* available in equity." *Sereboff v. Mid Atlantic Medical Servs., Inc.*, 547 U.S. 356, 361 (2006) (quoting *Mertens v. Hewitt Associates*, 508 U.S. 248, 255-56 (1993)). Union Labor seeks enforcement of a contractual provision making defendants liable for the benefits paid to the Rodrigues family and categorizes such relief as restitution. In order for restitution to be deemed equitable, it must seek "to impose a constructive trust or equitable lien on 'particular funds or property in the defendant's possession." *Sereboff*, 126 S. Ct. at 1874 (quoting *Great-West Life*

3

*& Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002)). Ordinarily, a plaintiff must demonstrate that specific money or property identified as properly belonging to the plaintiff could clearly be traced to specific assets of the defendant. *Knudson*, 534 U.S. at 213. When parties establish an equitable lien by agreement, however, they need not satisfy the "clear tracing" requirement. *Sereboff*, 126 S. Ct. at 1875-76. Nevertheless, a plaintiff seeking restitutionary relief under section 502(a)(3) still must identify a particular fund, regardless of whether the relief is classified as an equitable lien, a lien by agreement, or a constructive trust. *See id*. at 1874 (distinguishing the plaintiffs in *Knudson* and *Sereboff* because the former "did not seek to recover a particular fund from the defendant."); *Coan v. Kaufman*, 457 F.3d 250, 263 (2d Cir. 2006) ("[M]oney damages are unavailable under section 502(a)(3) when the plaintiff does 'not seek to recover a particular fund from the defendant'") (quoting *Sereboff*)).

Union Labor has failed to identify any particular fund in defendants' possession, distinct from its general assets, from which it seeks to be reimbursed. Labeling the portion of defendants' assets that they refused to disperse a "fund of money" does not remedy this deficiency. (*See* Pl. Obj. at 5-6.) Moreover, Union Labor's attempt to diminish the import of the Second Circuit's decision in *Coan v. Kaufman* is unpersuasive. Although Union Labor notes several factual differences between the situation before the Second Circuit in *Coan* and the situation presently before this court, these do not undermine Judge Pollack's conclusion that "[t]he Second Circuit has interpreted *Sereboff* as specifically maintaining the requirement that plaintiff seek particular funds in defendant's possession." (R&R at 12.)

Union Labor also directs the court's attention to a non-binding decision of a Mississippi district court. *See Schultz v. The Progressive Health, Life, and Disability Benefits Plan*, 481 F. Supp.

4

2d 594 (S.D. Miss. 2007). In *Shultz*, a plan fiduciary, Aetna, sought to recover disability benefits from the plan beneficiary, Kim Schultz, that Aetna claimed had been overpaid to Schultz under the terms of the plan. 481 F. Supp. 2d at 594. The court denied Schultz's 12(b)(6) motion and held that Aetna had "properly asserted a claim for equitable relief under [section 502(a)(3) of] ERISA" even though Schultz already had spent the money she had been overpaid. *Id*. at 595-96. The court held that, given the procedural posture, Aetna had sufficiently "identified a fixed share of the fund assets to which it is equitably entitled, that is, the difference between what it paid to Schultz and what Schultz was contractually entitled to after she received social security benefits." *Id*. at 596. Despite the factual and procedural differences between *Schultz* and the present case, it does lend some support to Union Labor's position. Such support, however, loses its significance when measured against the court's own interpretation of binding precedent from the Supreme Court and the Second Circuit.

After careful review of all of Union Labor's arguments, the court finds that Judge Pollack's interpretation of *Sereboff* and its progeny was correct. A plaintiff cannot seek restitution under section 502(a)(3) without identifying a particular fund in defendant's possession distinct from its general assets. Because Union Labor has failed to make such a showing, the court adopts Judge Pollack's recommendation and grants summary judgment in favor of defendants on Union Labor's claim for restitution under section 502(a)(3).

Equitable Subrogation

Union Labor also objects to Judge Pollack's recommendation that relief not be granted at this stage of the litigation under a theory of equitable subrogation. In equity, the rule of equitable subrogation applied "[w]here property of one person [was] used in discharging an obligation owed

by another . . . under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred." *In re Chateaugay Corp.*, 89 F.3d 942, 947 (2d Cir. 1996) (quoting Restatement of Restitution § 162 (1936)). The doctrine provides relief by allowing the person whose property was used to be subrogated to the position of the obligee. *Id*. "Under its rule, one 'compelled to pay a debt which ought to have been paid by another is entitled to exercise all the remedies which the creditor possessed against that other.'" *Id*. (quoting *American Surety Co. v. Bethlehem Nat'l Bank*, 314 U.S. 314, 317 (1941)). If the court places Union Labor in the position of the Rodrigues family, Union Labor would need to assert a claim available to the Rodrigues family in order to obtain relief. Section 502(a)(3) applies to beneficiaries like the Rodrigues family as well as fiduciaries, however, it still limits recovery to "appropriate equitable relief." *See* 29 U.S.C. § 1132(a)(3). Because subrogation would only transform Union Labor's claim for restitution into a claim for restitution asserted on behalf of the Rodrigues family, Union Labor's failure to identify a particular fund of the defendant appears to defeat its claim for equitable subrogation under section 502(a)(3) as well.

Judge Pollack also raised the possibility that Union Labor may be able to assert a claim for equitable subrogation under section 502(a)(1) of ERISA. (R&R at 20-23.) That section applies to participants and beneficiaries, but unlike section 502(a)(3), it does not apply to fiduciaries and does not limit a plaintiff's recovery to appropriate equitable relief. 29 U.S.C. § 1132 (a)(1). In its objections, Union Labor requested an opportunity to brief this issue. (Pl. Obj. at 1 n.1.) The court agrees that further consideration is merited and that granting summary judgment at this point would be premature. Defendants also have asserted a number of defenses that raise issues of material fact about whether Brittany Rodrigues was actually covered by the Olsten Plan. Such issues must be

resolved before the court can determine whether a party "standing in the shoes" of the Rodrigues family may sue to recover the benefits that the Olsten Plan withheld. *See Gibbs v. Hawaiian Eugenia Corp.*, 966 F.2d 101, 106 (2d Cir. 1992). Judge Pollack concluded that these issues prevent the court granting Union Labor's motion for summary judgment. The court agrees and denies Union Labor's motion for summary judgment on its equitable subrogation claim without prejudice. Given the parties' lack of opportunity to brief the merits of the equitable subrogation claim, defendants' motion for summary judgment on this matter also is denied without prejudice.

The Court's Inherent Power to Fashion Relief

Union Labor also objects to Judge Pollack's conclusion that the court lacks the inherent power to fashion appropriate relief to enforce its earlier declaratory judgment finding the Olsten Plan to be primary and that Union Labor's claim for reimbursement could proceed. Union Labor concedes that "[w]hile ERISA does authorize the equitable relief sought by Union Labor Life, it does not contain an express statutory provision specifically addressing the coordination of benefits." (Pl. Obj. at 15.) Relying on the authority of federal courts to develop a body of federal common law under ERISA, Union Labor argues that "[t]he lack of statutory guidance . . . does not mean that there is no remedy available." (*Id.*) Although Union Labor marshals some support for this proposition from the decisions of courts in other circuits, no mention is made of the Second Circuit's proscription, noted by Judge Pollack, that, in light of recent Supreme Court precedent, courts "are no longer free to fill in unwritten gaps in ERISA's civil remedies." *Gerosta v. Savasta & Co.*, 329 F.3d 317, 322-23 (2d Cir. 2003) (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001)); *see also Vacca v. Trinitas Hospital*, No. 05-CV-0368, 2006 WL 3314637 at *4 (E.D.N.Y. Nov. 14, 2006) ("[W]ithin the Second Circuit, courts cannot turn to Federal common law to fill gaps in

7

ERISA's civil remedy provisions.") (internal quotations and citations omitted).  Accordingly, the court sees no reason to depart from Judge Pollack's recommendation that Union Labor's motion for summary judgment be denied on this ground as well.

## Conclusion

Plaintiff's objections are overruled and Judge Pollack's report and recommendation is adopted in its entirety.  Accordingly, Union Labor's motion for summary judgment is denied.  Judgment in favor of defendants is granted with respect to Union Labor's claim for restitution under section 502(a)(3).

SO ORDERED.

DATED:      Brooklyn, New York
            March 26, 2008

_____/s/_____
DORA L. IRIZARRY
United States District Judge